UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COREY GAMBLE,

                Plaintiff,

-against-

OFFICE OF THE COUNTY CLERK IN BRONX COUNTY; KEVIN ROTHERMEL, ACTING BRONX COUNTY CLERK,

                Defendants.

24-CV-5548 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who currently is incarcerated at Wende Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants denied him access to the courts. He names as Defendants the Office of the County Clerk in Bronx County and Kevin Rothermel, the Acting Bronx County Clerk. By order dated July 25, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint. On July 14, 2023, Plaintiff mailed an Article 78 petition to Defendant Office of the Bronx County Clerk, naming the Bronx County Clerk and Defendant Kevin Rothermel as the defendants. Plaintiff did not receive a reply to the complaint. On August 14, 2023, and September 14, 2023, Plaintiff mailed a second and a third Article 78 petition to the Bronx County Clerk's Office, naming the above-captioned Defendants as the defendants. He did not receive a response to those petitions either.

These three petitions concern Plaintiff's request for documents under New York State's Freedom of Information Law, and Defendants' apparent failure to provide Plaintiff with the documents he sought. Specifically, Plaintiff "sought the written letter of appointment and Oath of Office for Daniel T. McCarthy to the position of assistant district attorney of Bronx County." (ECF 1, at 6.) On June 29, 2022, Plaintiff "received a reply from defendants . . . stating they have no oath of office on file for a Daniel T. McCarthy in their office records." (*Id.* at 7.) In a letter dated August 16, 2022, Defendant Rothermel confirmed that the information provided to Plaintiff was correct. (*See id.* at 18.)

On November 24, 2023, Plaintiff received from Defendants "a copy of a twenty year old legal matter . . . filed by defendants on November 5, 2003." (*Id.* at 5-6.)

Plaintiff seeks monetary relief from Defendants in the amount of $266,200.00.

## DISCUSSION

A.  **Bronx County Clerk's Office**

The claims against the Bronx County Clerk's Office must be dismissed because it is immune from Section 1983 liability under the Eleventh Amendment.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Here, Plaintiff's Section 1983 claims against the Bronx County Clerk's Office are barred by the Eleventh Amendment because the office is an arm of the state. Accordingly, the Court dismisses the claims brought against the office because they seek relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

B.  **Judicial Immunity**

The claims against the Acting Bronx County Clerk, Kevin Rothermel, must be dismissed because he is immune from Section 1983 liability under the judicial immunity doctrine.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Absolute judicial immunity has been extended to "some officials who are not judges but who perform functions closely associated with the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987) (citation and internal quotation marks omitted). Courts have held that quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095, 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

Because the Bronx County Clerk's Office is part of the New York State Unified Court System and Plaintiff's claims against Rothermel concern how Rothermel responded to Plaintiff's FOIL request for documents allegedly maintained by the court system, this defendant is protected by absolute immunity. *See, e.g.*, *Rodriguez v. Hynes*, No. 94-CV-4578, 1995 WL 350042, at *9 (E.D.N.Y. June 8, 1995) ("The claims against members of the state prosecutorial staff and the Appellate Division clerks office must be dismissed on immunity grounds. The FOIL claims can be pressed in the state court."), *aff'd sub nom. Rodriguez*, 116 F.3d at 62. The Court

4

therefore dismisses Plaintiff's Section 1983 claims against Rothermel because he seeks monetary relief against defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**C.    Access to Courts**

Even assuming, for the purposes of this order, that Rothermel is not entitled to absolute judicial immunity, Plaintiff does not state an access to courts claim on which relief may be granted against him.

To state a viable constitutional claim for denial of access to courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the access to courts claim; and (2) frustration or hindrance of the underlying litigation caused by the defendant's actions. *See Harbury*, 536 U.S. at 415. Any underlying action must be "'nonfrivolous." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff does not identify any nonfrivolous underlying cause of action he is pursuing that Rothermel hindered when he responded to Plaintiff's FOIL request. Plaintiff's allegation that Rothermel failed to provide an Assistant District Attorney's "oath of office" and "letter of appointment" (ECF 1, at 6), standing alone, suggests only that Plaintiff disagreed with the Bronx County Clerk's Office response to his FOIL request, not that Plaintiff was hindered from effectively litigating a separate cause of action. Because Plaintiff does not allege the

5

existence of a valid nonfrivolous underlying cause of action, he fails to state an access to courts claim upon which relief may be granted. The Court therefore dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(B)(ii).

**D.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 2, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge